In the Matter of the Estate of MITCHELL A. C. LEVY, Deceased.

Surrogate's Court, New York County, June 18, 1930.

*Harrison, Elliott & Byrd,* for the administratrix.

*Harry Malter,* for the claimant.

*Samuel A. Feuchtwanger,* for Adler Monument and Granite Works.

*Kobbe, Thatcher, Frederick & Hoar,* for Roosevelt Hospital.

*Kurzman & Frank,* for Leo J. Hahn.

O'BRIEN, S.   This is an accounting proceeding by the administratrix of the above-named estate in which the validity of an alleged claim of one Charles L. Munch is to be determined, the same having been rejected by the accountant.   This claim is based upon a chattel mortgage executed by the *decedent* to the Hudson City Savings Bank and which was assigned by the latter to the claimant Munch.   The salient facts with regard to this claim are as follows:

On the 12th of April, 1921, one *John H. Phillips* (alleged to be a dummy for *Mitchell A. C. Levy,* the decedent) executed to the Hudson City Savings Bank of Jersey City, N. J., a bond in the sum of $10,000 as security for a mortgage upon certain real property known as 8 Hoey avenue in Monmouth, N. J.   The mortgagor defaulted in the payment of said bond and mortgage and proceedings were brought in the Court of Chancery of the State of New Jersey to foreclose said mortgage.   A decree of foreclosure was granted by the court.   Mitchell A. C. Levy, the alleged *real owner* of the property, requested from the bank an adjournment of the judicial sale of the premises pursuant to the decree of the Chancery Court from September 29, 1924, to November 14, 1924,

and in consideration of obtaining said adjournment of the sale agreed to pay the *amount of the $10,000 then due upon said bond and mortgage together with all costs and disbursements and incidental costs and as security for the payment of said sum or in the event of a default* in the payment of said sum as security for the payment of any *deficiency* which might arise upon the sale of the real property in the foreclosure proceeding upon the adjourned day, executed to the bank a chattel mortgage covering personal property in the premises and described in said chattel mortgage. It is conceded by all parties that the decedent failed to pay the said sum; that a sale of the real property in the foreclosure action was had and the price of $6,000 was bid for the property, thu.. leaving a deficiency. It is also conceded that a further default was made under the chattel mortgage and a sale pursuant to the terms of such mortgage was had of the property specified in said chattel mortgage and that the sum of $1,425 was received upon such sale. There are no figures in dispute, it being conceded that, crediting the amounts realized on the sale of the real property and the sale of the personal property under the chattel mortgage, there remains a deficiency with accrued interest of $5,314.94 and that if the claimant's contention is sustained by the court his claim will be allowed in that amount and if denied it must be denied in its entirety.

This chattel mortgage is written on a standard New Jersey printed form and contains the usual covenant to pay in the following language: " I the said party of the first part, for myself, my heirs, executors, administrators and assigns, do covenant and agree to and with the said party of the second part, its successors and assigns that in case default should be made in payment of said sum above mentioned * * * *then the said sum of money herein mentioned shall become instantly due and payable.*"

A further provision in said chattel mortgage reads as follows: " This chattel mortgage being given to secure said bank for any *deficiency* which might arise by reason of the foreclosure of said mortgage on said real property."

Thus a reference to the instrument itself clearly shows the obligation assumed by the mortgagor of the payment of any deficiency that might arise from or out of the foreclosure of the real estate mortgage. I hold that the obligation rests upon the decedent and upon his estate to make good said deficiency, and this notwithstanding the contention made by the administratrix of the estate that if there was any obligation assumed by the decedent in said chattel mortgage to pay a deficiency arising out of the real estate foreclosure proceeding, it was rendered ineffective by the fact that the mortgagee of said real estate mortgage failed

to reduce the deficiency to judgment in accordance with the requirements of the statute of the State of New Jersey. The language of the chattel mortgage must be construed strictly and yet it clearly makes the mortgagor liable not for a *deficiency judgment* but for a *deficiency*. By its terms the mortgagee was under no obligation to reduce the deficiency to judgment in order to hold the mortgagor liable. In other words, a fair construction of the chattel mortgage is that it was intended by the maker to guarantee the mortgagee against any loss that might arise out of the foreclosure of the mortgage. I, therefore, hold that the claim of Charles L. Munch is valid and should have been allowed by the accountant. Submit decree accordingly.